**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

ADVANCE DENTAL CARE, INC.,    *

                           *

    Plaintiff,             *

                           *

    v.                  *    Civil Action No. AW-10-01286

                           *

SUNTRUST BANK,            *

                           *

    Defendant.         *

                           *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>MEMORANDUM OPINION</u>

Plaintiff Advance Dental Care, Inc. ("Advance Dental") brings this action against Defendant SunTrust Bank ("SunTrust"), alleging conversion under section 3-420 of the Commercial Law Article of the Annotated Code of Maryland ("Maryland U.C.C.")[1] and common-law negligence. *See* Compl. Presently pending before the Court is Defendant's Renewed Motion to Dismiss Count III (common-law negligence) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 11. The Court has reviewed the motion papers and finds that no hearing is necessary. *See* D. MD. LOC. R. 105.6 (2010). For the reasons stated below, the Court **GRANTS** Defendant's Renewed Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

From early 2004 until fall 2007, Advance Dental employed Michelle Rampersad at its dental office in Prince George's County. *See* Compl. ¶¶ 5-6. During this time, Advance Dental received insurance reimbursement checks via U.S. mail for services rendered. *See* Compl. ¶ 7. Without authorization, Rampersad took approximately 185 checks totaling $400,954.04. *See*

---

[1] The Court notes that a conversion claim brought under the Maryland U.C.C. is distinguishable from and not to be confused with the intentional tort of conversion.

Compl. ¶ 9. Although the checks were made payable to Advance Dental, Rampersad endorsed them to herself and delivered them to SunTrust for deposit into her personal accounts. *See* Compl. ¶¶ 9-16. SunTrust deposited the checks into Rampersad's accounts. *See* Compl. ¶ 17.

Advance Dental filed a Complaint against SunTrust on May 21, 2010. Doc. No. 2. On March 25, 2011, the Court dismissed Count II (U.C.C. negligence) of the Complaint. Doc. No. 9. The Court declined to dismiss Count III (common-law negligence), but invited SunTrust to address the Court's concerns in a Renewed Motion to Dismiss. *Id.*

On April 14, 2011, SunTrust renewed its motion to dismiss Count III on the grounds that Maryland U.C.C. section 3-420 displaces common-law negligence. *See* Doc. No. 11.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In two recent cases, the U.S. Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases explain that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In addressing a motion to dismiss, a court should first determine which pleadings in the complaint are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In making this determination, a court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). A court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## III.    LEGAL ANALYSIS

In this case of first impression, the Court must determine whether section 3-420 of the Maryland U.C.C. displaces common-law negligence when a payee seeks to recover from a depositary bank that accepted unauthorized and fraudulently endorsed checks. The Court holds that displacement is appropriate in this situation.

### A.    Availability of an Adequate U.C.C. Remedy

When sitting in diversity, the Court is obliged to apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Maryland courts have not addressed U.C.C. displacement of common-law actions in suits brought by a payee against a

depositary bank. In the absence of a pertinent decision, the Court must apply the rule of decision it believes the Maryland Court of Appeals would apply. *See id.*

In making this determination, the Court finds Maryland case law concerning a *drawer's* claims against a depositary bank instructive. *See Chicago Title Ins. Co. v. Allfirst Bank*, 905 A.2d 366 (Md. 2006) (holding that the U.C.C. does not bar a drawer's common-law negligence action); *Hartford Fire Ins. Co. v. Md. Nat'l Bank*, 671 A.2d 22 (Md. 1996) (holding that allowing a drawer to sue a depositary bank is consistent with the U.C.C.). Although each court allowed a common-law action to proceed, the drawer's lack of adequate remedy under the U.C.C. was fundamental to each ruling. *See Chicago Title*, A.2d at 376 ("The facts of the instance case are distinguishable [from cases where the common-law claim was displaced] in that the drawer in the instance case does not have an adequate remedy under the UCC . . . ."); *see also Hartford Fire*, 671 A.2d at 31 (finding it unnecessary to address the drawer's common-law negligence claim since the depositary bank may be liable under common-law conversion).

Additionally, other courts have held that common-law negligence claims can proceed only in the absence of an adequate U.C.C. remedy. *See, e.g., Equitable Life Assurance Society of the U.S. v. Okey*, 812 F.2d 906, 909 (4th Cir. 1987) ("[W]hen the Code and common law both provide a means of recovery, the Code should displace the common law. . . .") (citing Robert Hillman, *Construction of the Uniform Commercial Code: UCC Section 1-103 and "Code" Methodology*, 18 B.C. Indus. & Comm.L.Rev. 655, 662-63 (1977)); *Willier v. Hurt*, No. 5:06-547, 2007 WL 4613033, at *6 (S.D.W.Va. Dec. 31, 2007) (holding that since a U.C.C. provision was directly on point, it displaced common-law negligence claims); *Donovan v. Bank of America,* 574 F.Supp.2d 192 (D.Maine 2008) (holding that the U.C.C. displaced a common-law negligence claim); *Metz v. Unizan Bank*, 416 F.Supp.2d 568 (N.D.Ohio 2006) (holding that the

U.C.C. displaced common-law negligence claims since the U.C.C. establishes the standard of care for a bank's handling of negotiable instruments); *Cagle's Inc. v. Valley Nat'l Bank*, 153 F.Supp.2d 1288 (M.D.Ala. 2001) (holding that the U.C.C. displaced a common-law negligence claim); *Lee Newman, M.D., Inc. v. Wells Fargo Bank, N.A.*, 104 Cal. Rptr. 2d 310 (Cal. Ct. App. 2001) (holding that a common-law negligence claim is displaced by the U.C.C. since the U.C.C. provides a comprehensive framework for loss allocation).

In the present case, it is indisputable that Advance Dental has an adequate U.C.C. remedy—conversion—for which Advance Dental has already filed a claim. *See* Compl. Therefore, in light of the overwhelming case law, the Court reasonably infers that the Maryland Court of Appeals would hold that section 3-420 displaces common-law negligence because Advance Dental has an adequate U.C.C. remedy.

### B. Indistinct Causes of Action with Conflicting Defenses

Statutory authority also emphasizes the necessity of displacing common-law negligence in this case. Section 1-103(b) of the Maryland U.C.C. establishes the U.C.C.'s position regarding the survival of common-law actions alongside the U.C.C.: "[u]nless displaced by the particular provisions of Titles 1-10 of this article, the principles of law and equity . . . shall supplement its provisions . . . ." Since the U.C.C. has no express "displacement" provision, the Court must determine whether section 3-420 is a "particular provision" that displaces the common law. *See, e.g., Okey*, 812 F.2d at 909.

The Court finds significant overlap between section 3-420 and common-law negligence. Section 3-420(a) defines conversion as "payment with respect to [an] instrument for a person not entitled to enforce the instrument or receive payment." Here, Advance Dental alleges that SunTrust is liable in negligence for allowing Rampersad to fraudulently endorse and deposit

checks made payable to Advance Dental into her personal account.  *See* Compl. ¶¶ 43-46.

Therefore, as highlighted in *Equitable Life Assurance Society of the United States v. Okey*, 812

F.2d 906, 909 (4th Cir. 1987), both negligence and conversion require a consideration of whether

there was payment over a wrongful endorsement.  Contrary to Advance Dental's contention, *see*

Doc. No. 11, revisions to the U.C.C.'s conversion statute do not change the plaintiff's burden of

production.  Thus, the *Okey* court's rationale is still applicable.  *See Willier v. Hurt*, No. 5:06-

547, 2007 WL 4613033, at *7 n.13 (S.D.W.Va. Dec. 31, 2007) ("While the revised version of

the code removes the reasonableness of a defendant bank's actions . . . an action for conversion

still requires similar proof, and provides a similar remedy, to an action for negligence.").

The duplicative nature of these two theories suggests the U.C.C.'s intention to create a

comprehensive regulation of payment over unauthorized or fraudulent endorsements.  *See Okey*,

812 F.2d at 909; *New Covenant Cmty. Church v. Fed. Nat'l Bank & Trust Co.*, 734 P.2d 1318

(Okla. App. 1987).  In the presence of such intent, courts have preempted common-law claims.

*See, e.g., Childs v. Fed. Reserve Bd.*, 719 F.2d 812, 814-15 (5th Cir. 1983) (finding that the

common law is annulled to the extent it modifies U.C.C. standards of care or limitations); Lary

Lawrence, *Lawrence's Anderson on the Uniform Commercial Code* § 1-103:145 (3d ed. Rev.

2011).  To do otherwise would destroy the U.C.C.'s attempt to establish reliability, uniformity,

and certainty in commercial transactions.  *See, e.g.,* § 1-102; *Okey*, 812 F.2d at 909 (citing

Hillman, *supra*, at 662-63); *Mushitz v. First Bank of S.D.*, 457 N.W.2d 849 (S.D. 1990).

Here, Advance Dental's common-law negligence action has no independent significance

apart from section 3-420.  *See Okey*, 812 F.2d at 910.  In fact, when discussing common-law

negligence, Advance Dental simply refers to the same conduct alleged in Count I (conversion) to

argue that SunTrust has breached its duty of reasonable and ordinary care. *See* Compl. ¶ 45. In other words, section 3-420 has effectively subsumed common-law negligence claims.

Not only is common-law negligence insufficiently distinct from section 3-420, but the conflicting defenses available for each cause of action are also problematic. The U.C.C. is based on the principle of comparative negligence. *See, e.g., Okey*, 812 F.2d at 910; Brooke Overby, *Check Fraud in the Courts After the Revisions to U.C.C. Articles 3 and 4*, 57 Ala. L.Rev. 351, 352 (2005). In contrast, contributory negligence remains a defense for common-law negligence. *See, e.g., Okey*, 812 F.2d at 910. Displacement is thus required since Maryland courts "hesitate to adopt or perpetuate a common law rule that would be plainly inconsistent with the legislature's intent in passing Titles 3 and 4 of that Article." *E.g., Hartford Fire*, 671 A.2d at 32.

Furthermore, allowing SunTrust a common-law, due care defense is also inconsistent with the intent behind the U.C.C. In general, the U.C.C.'s loss allocation rules place liability upon the party best situated to prevent the loss. *See, e.g., Hartford Fire*, 671 A.2d at 32 (citing *Underpinning, Inc. v. Chase Manhattan*, 386 N.E.2d 1319, 1323 (1979)). Therefore, as Official Comment 3 notes, legislators purposefully revised section 3-420(c) to disallow depositary banks a good faith defense. *See* U.C.C. § 3-420(c) cmt. 3 (1990); *Hartford Fire*, 671 A.2d at 32 (citing *Underpinning*, 386 N.E.2d at 1323). As such, faithful adherence to the U.C.C.'s intentions dictates that the Court displace Advance Dental's common-law negligence claim.

### C.    Availability of Affirmative Defenses Rooted in Negligence

Although SunTrust does not have a "good faith" defense under section 3-420(c), SunTrust is still able to invoke the protection of negligence principles as affirmative defenses. The Maryland U.C.C. recognizes four negligence defenses that the defendant may raise to avoid

loss: sections 3-404, 3-405, 3-406, and 4-406. As discussed below, SunTrust is not devoid of negligence defenses since it can arguably appeal to at least two of these negligence defenses.

Section 3-406(a) is based on general negligence and concerns a party's duty of care. It precludes a party who, by failing to exercise ordinary care, substantially contributes to the making of a forged endorsement from asserting the forgery against a depository bank who pays the instrument in good faith. *See* § 3-406(a). Advance Dental argues that section 3-406 is inapplicable to the instant case because a "forged signature" and "unauthorized signature" are not interchangeable. *See* Doc. No. 16 (contending that Rampersad's unauthorized use of an endorsement stamp constitutes an unauthorized signature, not a forged signature). In Maryland, however, a forged endorsement is the same as an unauthorized endorsement for purposes of conversion. *See Citizens Bank of Md. v. Md. Indus. Finishing Co. Inc.*, 659 A.2d 313, 318 (Md. 1995). Additionally, Official Comment 3 to section 3-406 affirms that conduct similar to Rampersad's can form the basis of a preclusion under section 3-406. *See* U.C.C. § 3-406 cmt. 3 (1990) (explaining that an employer's failure to exercise ordinary care in safeguarding the rubber stamp used for endorsements can be the basis of a preclusion under section 3-406(a)).

Section 3-405 provides an employee fraud defense. Under section 3-405(b), when an employer entrusts an employee with the responsibility of an instrument and the employee makes a fraudulent endorsement, the risk of loss falls on the employer rather than a bank that pays the instrument in good faith. If SunTrust establishes that Advance Dental entrusted Rampersad with the responsibility of handling the fraudulently endorsed checks, section 3-405 would apply. *See* Doc. No. 19 (noting that Rampersad stated in her criminal case that her duties included logging and preparing reimbursement checks for deposit). Accordingly, the Court finds dismissal of

SunTrust's common-law negligence claim appropriate since SunTrust can still avail itself of affirmative defenses rooted in negligence. Meanwhile, the Court will issue a scheduling order.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Renewed Motion to Dismiss Count III of Plaintiff's Complaint. A separate order will follow.


  October 7, 2011                                /s/               
        Date                                       Alexander Williams, Jr.
                                           United States District Judge